IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STORAY                                                                                    PLAINTIFF

CASE NO. 4:09-CV-00334 JTK

PULASKI COUNTY JAIL                                                                      DEFENDANT

**OPINION AND ORDER**

Plaintiff filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, on May 11, 2009 (DE #2). Pending before the court are cross motions for summary judgment (DE ## 41, 46). As outlined below, Plaintiff's motion for summary judgment is denied and Defendant's motion is granted.

I. Plaintiff's claims

Plaintiff was arrested at his home on or about January 31, 2009, and taken to the Pulaski County Jail. He states he was sprayed with mace while in the holding cell, ordered to his knees and handcuffed, and subsequently taken to the shower area, where he was handled in a "very rough manner while ... handcuffed with a broken hand." (Plaintiff's Complaint, DE #2, at 1) Plaintiff asserts that a white deputy ordered a young black deputy out of the shower area, and "[o]nce I realized what was going on I decided to play like I had blacked out" "so the two white deput[ies] wouldn't continue roughing me up." (Plaintiff's Complaint, DE #2, at 1-2) While pretending to have "blacked out," Plaintiff claims he heard two white deputies, one of whom he identifies as "Sgt. Bennett" and the other whose voice he could not recognize but knew "was white," discussing what they were going to do with him. (Plaintiff's Complaint, DE #2, at 1) The deputies ultimately placed Plaintiff in a

suicide cell.  Plaintiff alleges he was never booked in jail; his picture was never taken; he was never issued a wrist band; he was denied medical treatment for his broken hand; and he was left in the suicide cell for a total of ten days, forty-eight hours of which he had no one-hour break outside of the cell and no blanket and sheets.  (Plaintiff's Complaint, DE #2, at 3)  Plaintiff states that when he was taken to the hospital, the two deputies that picked him up "refused to pull the car around to the entrance so I could get in[, and] made me shuffle to the parking lot shackled from hands to my feet with no coat, no socks."  (Plaintiff's Complaint, DE #2, at 4)  He further claims that a female deputy stated over the public address system that his "87 yr old mother suck dick."  Id.

## II.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law."  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); National Bank of Commerce v. Dow Chemical Co., 165

F.3d 602, 607 (8th Cir. 1999).  Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex Corp. v. Catrett, 477 U.S. at 322-23.

### III.  Discussion

Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights.  However, a jail is not a person or entity subject to suit under § 1983.  Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); De La Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436 (8th Cir. 2001) (unpub. table op.) (affirming dismissal of county jail on grounds that a jail is not an entity subject to suit under § 1983). Pulaski County Jail is the only Defendant named in this action; because it is not a legal entity subject to suit, Plaintiff's claims are dismissed.  Summary judgment in favor of Defendant is proper.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Summary Judgment (DE #46) is DENIED.

2. Defendant's Motion for Summary Judgment (DE #41) is GRANTED.

3. The Complaint (DE #2) is DISMISSED WITH PREJUDICE.

SO ORDERED this 29th day of June, 2010.

_____
United States Magistrate Judge